WRIGHT, FINLAY & ZAK, LLP
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7967; Fax: (702) 946-1345
lrobbins@wrightlegal.net
*Attorneys for Plaintiff, U.S. Bank National Association, As Successor In Interest To Wachovia Bank, National Association, As Trustee For Banc Of America Funding Corporation Mortgage Pass-Through Certificates, Series 2004-C*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-C, <br><br> Plaintiff, <br><br> vs. <br><br> NORTH AMERICAN TITLE INSURANCE COMPANY, <br><br> Defendant. | Case No.: 2:19-cv-00424-JAD-EJY <br><br> **STIPULATION AND ORDER TO STAY CASE PENDING APPEAL** <br><br> ECF Nos. 12, 22, 31 |

Plaintiff, U.S. Bank National Association, As Successor In Interest To Wachovia Bank, National Association, As Trustee For Banc Of America Funding Corporation Mortgage Pass-Through Certificates, Series 2004-C ("U.S. Bank"), and Defendant, North American Title Insurance Company ("NATIC"), by and through their counsel of record, hereby agree and stipulate as follows.

**WHEREAS**, there are now currently pending in the United States District Court for the District of Nevada more than fifty (50) actions between national banks, on the one hand, and their title insurers, on the other hand (the "Actions");

**WHEREAS**, each of the Actions involves a title insurance coverage dispute wherein the national bank contends, and the title insurer disputes, that a title insurance claim involving an HOA assessment lien and subsequent sale was covered by a policy of title insurance;

**WHEREAS**, in many of these Actions, the title insurer underwrote an ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement (the "Form Policy");

**WHEREAS**, many of the Actions implicate common questions of interpretation of the Form Policy;

**WHEREAS**, the national bank in one of these actions has now appealed a judgment of dismissal to the Ninth Circuit Court of Appeals, *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal");

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal may touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action;

**WHEREAS** the Parties agree that it is appropriate and desirous to stay the instant action pending the disposition of the *Wells Fargo II* Appeal, that a stay of the instant action will not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the *Wells Fargo II* Appeal might affect the disposition of this case);

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The instant action shall immediately be **STAYED**, pending the disposition of the *Wells Fargo II* Appeal.

2. The scheduling order previously entered in this action is hereby **VACATED, except that the Parties agree that discovery in this action is closed, but-for the Parties agreement that once the stay is lifted, U.S. Bank will be permitted to depose NATIC's retained expert in this matter, Charles A. Hansen.**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6. By entering into this stipulation, neither of the Parties is waiving its right to move to re-open discovery on a limited basis based upon the Ninth Circuit's ruling in *Wells Fargo II*.

7. By entering into this stipulation, neither of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

| | |
|---|---|
| DATED this 24th day of February, 2020. | DATED this 24th day of February, 2020. |
| WRIGHT, FINLAY & ZAK, LLP | EARLY SULLIVAN WRIGHT GIZER & McREA LLP |
| */s/ Lindsay D. Robbins*<br>Lindsay D. Robbins, Esq.<br>Nevada Bar No. 13474<br>7785 W. Sahara Ave., Suite 200<br>Las Vegas, NV 89117<br>*Attorney for Plaintiff, U.S. Bank National Association, As Successor In Interest To Wachovia Bank, National Association, As Trustee For Banc Of America Funding Corporation Mortgage Pass-Through Certificates, Series 2004-C* | */s/ Sophia S. Lau*<br>Sophia S. Lau, Esq.<br>Nevada Bar No. 13365<br>8716 Spanish Ridge Avenue, Suite 105<br>Las Vegas, Nevada 89148<br>*Attorneys for Defendant, North American Title Insurance Company* |

**IT IS SO ORDERED.   This case is STAYED by stipulation.**

**IT IS FURTHER ORDERED** that all pending motions **[ECF Nos. 12, 22] are DENIED without prejudice** to their prompt refiling within 30 days of an order lifting this stay.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 25, 2020