UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN TITLE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:19-cv-00424-JAD-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Seal (ECF No. 37) in which Plaintiff seeks to seal three Exhibits to its Motion for Partial Summary Judgment (ECF No. 38) and all references to those Exhibits in that Motion.

The party bringing a motion to seal must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Further, a party "may not simply rely on the Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019), *citing Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th

Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

The Court reviewed the Motion to Seal as well as the Exhibits sought to be sealed and Exhibit Q that is redacted. The Court notes Exhibits O and P are *not* redacted. They are completely blocked out, which represents sealing of the entirety of the document. When filing a document entirely under seal, the party should include a placeholder for that document on the public record stating the Exhibit is filed under seal. Further, the title of Exhibit Q should not be redacted because the name of the deponent is on the second page of the Exhibit. Further, the title of a document sought to be sealed should ordinarily be available to the public.

With respect to Exhibits O and P (which will impact what is redacted from the contents—not the title—of Exhibit Q), Plaintiff provides no reason for the sealing request other than the Protective Order, which is insufficient. Indeed, Exhibit O contains a confidentiality statement, while Exhibit P does not. There is no demonstration that either of these Exhibits was maintained as confidential despite the distribution to the very large network of NATIC agents.

For these reasons, the Court denies the request to seal as stated, but provisionally seals subject to the parties providing additional support the request to seal.

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Its Motion for Partial Summary Judgment Under Seal (ECF No. 37) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment (ECF No. 39) along with Exhibits O, P, and Q are provisionally sealed.

IT IS FURTHER ORDERED that no later **April 20, 2023**, Plaintiff or Defendant may file a renewed motion supporting a basis for sealing Exhibits O and P and redacting Exhibit Q. The basis for sealing Exhibit O and P and redacting Exhibit Q must be something other than mere reliance on the Protective Order. If no motion is received, the Court will unseal these documents.

Dated this 11th day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE