UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN TITLE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:19-cv-00424-JAD-EJY<br><br><br>**ORDER** |

Pending before the Court is the Motion to Seal in which Defendant contends two exhibits and a portion of a deposition transcript must be sealed because these exhibits reveal Defendant's trade secrets. ECF No. 43. Plaintiff opposes Defendant's Motion. Plaintiff contends the exhibits Defendant seeks to seal "are simply a regurgitation of industry custom and trade usage that has existed for decades and is widely available from public resources, including … [Defendant's] own website." ECF No. 60. In its Reply, Defendant points to a prior order of the Court sealing the identical documents in another case and says that while a recitation and analysis of Nevada Supreme Court case law may not be unique, "its instructions to its agents as to how to move forward" warrants sealing because disclosure may give an unfair advantage to Defendant's competitors. ECF No. 63.

**I.    Discussion**.

      A.     <u>Arguments Presented By The Parties</u>.

In its Motion, Defendant describes Exhibits O and P as underwriting bulletins "reflect[ing] the mental thoughts and impressions of underwriting counsel … constitute[ing] … [Defendant's] guidance to its title agents[] regarding the risks … [Defendant] is (and is not) willing to undertake." ECF No. 43 at 3. Defendant further says that because this information is a trade secret, Defendant "takes every reasonable precaution to prevent the dissemination of these underwriting bulletins beyond the circle of people who need to know their contents." *Id*. Defendant contends it gives "strict instructions" to title agents not to "release the underwriting bulletins to anyone else." *Id*.

1

Defendant's Motion relies on the Declaration of David Schreiber (the "Schreiber Dec.") to support the above argument. Mr. Schreiber is "senior claims counsel" for Defendant and says the "underwriting bulletins set forth … [Defendant's] underwriting standards" for its title agents, the bulletins represent risks Defendant will and will not undertake, which is a trade secret and, as such, the bulletins are disseminated to Defendant's title agents who are instructed not to provide these bulletins to anyone else. ECF No. 43-1 ¶¶ 1, 7.

In response, Plaintiff argues Defendant "never asserts the[] [b]ulletins actually disclose an internally created method to address a risk" Defendant is or is not willing to take. ECF No. 60 at 5. Plaintiff says Defendant concede it discloses the bulletins to independent agents who are third parties not required to maintain confidentiality. *Id.* citing *Bayview Loan Servicing, LLC v. North American Title*, 2:19-cv-01151-JAD-EJY ("*Bayview*"), ECF No. 137 at 5:15-6:10.[1] Discussing the Schreiber Dec., Plaintiff argues Mr. Schreiber fails to demonstrate personal knowledge of the facts he asserts as he is claims counsel, not underwriting counsel, the Declaration is, at best, imprecise because Defendant's agents are actually independent agents that Defendant "does not control," Defendant therefore discloses trade secrets to third parties, and Defendant does not provide any authority or support for the contention that these independent agents must keep the information confidential. ECF No. 60 at 6. Plaintiff supports this argument by citing to the November 3, 2020 deposition of Mr. Pelt, in which the following exchange occurred:

> Q: So what, if anything does … [Defendant] do to require its agents to maintain the confidentiality of these two bulletins?
>
> A: We really haven't had to give express instructions. Again, custom and practice in the industry, it's just understood that this information is to be kept to various underwriters.

ECF No. 60-1 at 4. Plaintiff further cites Mr. Pelt's testimony showing that "on a case-by-case basis" he makes the decision, depending on who is asking and for what purpose, to disclose the bulletins to

---

[1] Despite Plaintiff's representation, the Court notes this citation further cites *Bayview*, at ECF No. 37-1 (the Declaration of Kent Pelt, Regional Underwriting Counsel for Defendant) ¶ 4, in which Mr. Pelt states Defendant "considers these underwriting bulletins to be confidential and trade secrets. For that reason, … [Defendant] only disseminates these underwriting bulletins to its independent and affiliated policy issuing agents. Otherwise, these bulletins are only accessible from a password-protected website." Mr. Pelt goes on to explain that secrecy is maintained for competitive reasons and the disclosure would provide Defendant's competitors an advantage over Defendant. *Id.*

2

non-agent third parties. *Id*. Plaintiff submits the totality of the record demonstrates Defendant does not maintain strict confidentiality of the bulletins at issue. ECF No. 60 at 7.[2]

Plaintiff also says the information in the bulletins is published on Defendant's website. *Id*. at 8. Plaintiff states the bulletins are "materially identical to widely publicized and publicly available trade usage materials" citing case law, contents of a publication by the former chair of the ALTA forms committee, and publications by other title insurance companies. *Id*. at 9-14.

In Reply, Defendant cites the Court's Order issued approximately three years ago in which it found the same bulletins at issue here were properly sealed. ECF No. 63 at 4-5. Further, Defendant accurately argues that Plaintiff's reliance on an order issued by U.S. District Judge Andrew P. Gordon in an unrelated case is misplaced. *Id*. at 5. In *Deutsche Bank National Trust Company v. Westcor Land Title*, Case No. 2:20-cv-01706-APG-VCF, the plaintiff moved to seal a bulletin the defendant title company marked as confidential. The court entered a minute order indicating its intent to deny the motion because there was no need to seal the exhibit at issue. *See id*. at ECF No. 69. The court provided Defendant an opportunity to respond to the minute order, explaining if defendant failed to respond, the court would deny the motion to seal. *Id*. The defendant title company failed to respond to the court's order and the document at issue was unsealed. *Id*. The order did not discuss the content of the bulletin, whether the bulletin contained trade secrets or why the court found no basis to seal the document. *Id*.

Defendant further argues one of the two bulletins at issue does not only "contain a discussion of the endorsements—it also contains guidance specifically directed to its title agents in light of its analysis of the endorsements …." ECF No. 63 at 6. Defendant says it does not matter whether other title insurers "provide similar analysis" that is publicly available because Defendant's provide "analysis and guidance to its agents … in its confidentially [] held bulletins." *Id*. at 7. Defendant argues the three sentences Plaintiff cites from its webpage is not equivalent to the five pages in the bulletin that is "not on its website but rather was sent directly to … [Defendant's] agents and thereafter … [is] password [] protected." *Id*.

---

[2] Plaintiff does not take issue with Mr. Pelt's expertise. However, Plaintiff contends the specific deposition exchange shows Defendant does not require its agents to maintain confidentiality. ECF No. 60 at 6. For the reasons discussed below, the Court does not agree with Plaintiff's conclusion.

3

Defendant contends the bulletins "indicate" they are "for use by" its agents and "no other party is authorized to rely on" the contents. *Id*. at 8. Citing case law, Defendant argues the non-use of a confidentiality agreement, while an important factor, is not determinative of whether it took reasonable steps to maintain the confidentiality of the documents at issue. *Id*. (citations omitted). Finally, Defendant argues that any public interest in the bulletins is outweighed by the harm Defendant will suffer if the bulletins (and testimony regarding the bulletins) are not sealed. *Id.*

      B.     <u>Summary of the Law</u>.

The party bringing a motion to seal must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The parties do not dispute that access to judicial records is generally favored by the courts. In fact, the court in *Kamakana* analyzed the preference for public access to judicial records, making clear that this preference is not absolute. *Id*. at 1178 (citation omitted). As stated, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id*. (internal citations and quote marks omitted).

While a "compelling reason" standard is one that must be overcome by the party seeking to maintain confidentiality to documents attached to dispositive pleadings, the court in *Kamakana* found that when documents are attached to a non-dispositive motion, "the usual presumption of the public's right of access is rebutted." *Id*. at 1179 (internal citations and quote marks omitted).

> In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that compelling reasons support secrecy. … A good cause showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Id*. at 1180 (internal citations and quote marks omitted).

The mere fact that production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons

4

require a demonstration of something more such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). And, a party "may not simply rely on the Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019), *citing Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Ultimately, the decision whether to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

C. <u>Analysis</u>.

The Court reviewed Exhibits O and P, which Defendant seeks to seal in their entirety, and Exhibit Q that Defendant seeks to file in a redacted form. The Court notes that a decision to seal is not tantamount to a decision that contents of a document is, in fact, trade secrets. Rather, a decision to seal finds only that compelling reasons for sealing are met. *Kamakana*, 447 F.3d at 1178-79. *See also Kondash v. Kia Motors America, Inc.*, 767 Fed.Appx. 635, 638 (6th Cir. 2019) *quoting Kondash v. Kia Motors America, Inc.*, Case No. 1:15-cv-506, 2018 WL 770418, at *4 (S.D. Ohio Feb. 7, 2018) ("[w]hile the existence of a trade secret will generally satisfy a party's burden of showing a compelling reason for sealing documents, even if a trade secret does not exist, a court may still find a compelling reason" to grant a sealing request). Further, the Court is not deciding, let alone opining on, whether the documents do or do not support either party's position as presented in dispositive motion practice.

First, the Court applies the "compelling reasons" standard to the documents at issue, as those documents bear more than a tangential relation to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Miotox LLC v. Allergan, Inc.*, Case No. 2:14-cv-08723-ODW(PJWx), 2016 WL 3176557, at *1 (C.D. Cal. June 2, 2016). Second, the Court

finds compelling reasons to seal are established by Defendant without finding a trade secret. *McMorrow v. Mondelez International, Inc.*, Case No. 17-cv-2327-BAS-JLB, 2021 WL 488337, at **2-3 (S.D. Cal. Feb. 10, 2021) (finding of competitive advantage constituted a compelling reason to seal documents); *Synchronoss Technologies, Inc. v. Dropbox Inc.*, Case No 16-c-v-00119-HSG, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (finding documents that are highly confidential and contain proprietary information properly sealed when the information is not publicly available or disclosed and maintained in a confidential manner).

Defendant's Exhibit O (the 2015-01 bulletin) and Exhibit P (the 2018-04 bulletin) each state the bulletin "is intended for use by title insurance agents of … [Defendant] and any reliance by any other person or entity is not authorized." Information provided in Exhibit O, guiding agents on how to move forward with offered products, is, as the Court previously found, real world information providing specific direction to Defendant's agents. *See* ECF No. 39-15 at 2. While the underlying basis for the guidance in Exhibit O may be well known in the title insurance industry, this does not equate to the conclusion that Defendant's specific directives, which are the import of this bulletin, have either been issued by other title insurers or made publicly available by Defendant. *Compare id*. *and* ECF Nos. 60-12, 60-13.

With respect to Exhibit P (the 2018-04 bulletin), Plaintiff compares language from this bulletin with language publicly available on Defendant's website. ECF No. 60 at 8. The comparison shows the subject matter to be generally the same, but the language is far from identical. *Compare* ECF Nos. 39-16 and 60-2. More specifically, the bulletin includes sections providing specific direction to its agents while the website to which Plaintiff refers does not. *Id*.[3]

Plaintiff refers the Court to Exhibit Q (deposition testimony) but does not state where in the testimony cited the Court is to look to find issues specific to the public nature of Exhibits O and P. And, a review of the 18 pages does not reveal why the information discussed is not confidential, proprietary or a trade secret. *See* ECF No. 39-17 at 64-81 (deposition pages 220-237).

---

[3] In its Response, Plaintiff says "The primary difference between the two statements is the Bulletin's specific reference to Nevada." ECF No. 60 at 8. Plaintiff cites Exhibit A (a deposition transcript) and ECF No. 106-O. There is no ECF No. 106-O in this case. The Court is not required to hunt down what it is Plaintiff intended to cite.

6

Plaintiff also argues the bulletins, generally, are "materially identical to widely publicized" materials. Plaintiff first cites James Gosdin's publication that addresses ALTA endorsements. The 2018-04 bulletin certainly discusses these endorsements, but also gives instructions to agents that make Defendant's business practices clear. The quotes from certain other title insurer bulletins do not demonstrate that Defendant's bulletins, disseminated to its agents, are substantively duplicative to what all other title insurers publicly disclose or, for that matter, that the disclosure of Defendant's bulletins would not disadvantage Defendant in the marketplace.

Defendant points out the Court previously found these bulletins were appropriately sealed because disclosure has the "potential to provide competitors with information regarding Defendant's business practices that Defendant does not want disclosed in a competitive market." ECF No. 63 at 4 *citing Bayview* at ECF No. 41. That Order applied a "good cause" rather than "compelling" standard as the motion to which the bulletin applied was not dispositive. Thus, while the Order is instructive, it is not binding on the Court when making the present decision.

The declarations and testimony provided to the Court supports Defendant's request to seal Exhibits O and P in their entirety, and to seal the unredacted Exhibit Q. The Schreiber Dec. at paragraph 5, discusses how different insurers may react to changes in the law. ECF No. 43-1 ¶ 5. Paragraph 7 states (as quoted above) the bulletins are trade-secret in nature and Defendant limits disclosure to its agents requiring the agents not to provide the bulletins to others. *Id*. ¶ 7. Defendant's Motion cites language regarding the intended use of Exhibits O and P by its agents and no one else. ECF No. 63 at 8.

Mr. Pelt, Regional Underwriting Counsel for Defendant, testified to industry practice, which is that the information in the bulletins is kept to the underwriters. ECF No. 60-1 at 4. Once disseminated, the bulletins are only available through a password protected website. *Id.* In his Declaration, Mr. Pelt states Defendant explains that secrecy is maintained for competitive reasons and the disclosure would provide Defendant's competitors an advantage over Defendant. ECF No. 37-1 ¶ 4. The Court notes there is no evidence that either bulletin is publicly available. In fact, with all the bulletins cited by Plaintiff from other insurers, Plaintiff does not cite a public source for Defendant's bulletins. In sum, the Court found no evidence supporting the conclusion that the

critical portions of Defendant's bulletins regarding its business practices and directions to agents are disseminated to the public in any format other than with the express permission of the Regional Underwriting Counsel Mr. Pelt.

D.   Conclusion.

The Court finds Defendant's request satisfies the compelling reason standard for sealing documents. The declarations and testimony in support of sealing states that the bulletins comprise confidential and proprietary information belonging to Defendant constituting business information about Defendant's business practices, which is not publicly available or publicly disclosed. Defendant indicates that disclosure of this information could result in an unfair competitive advantage to its competitors. The information is maintained by Defendant in a sufficiently confidential manner to support sealing. The Court does not decide whether the information is trade secret or maintained in a manner that would qualify the bulletins as trade secrets.

**II.   Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Renewed Motion to Seal (ECF No. 43) is GRANTED in part and DENIED in part as follows:

1.   Exhibits O and P are and shall remain sealed.

2.   Defendant must refile Exhibit Q on the public record removing the redaction from page 1 of the Exhibit as the title of the Exhibit is not properly sealed.

3.   Exhibit Q at pages 64-81 (deposition pages 220 through 237) are and shall remain sealed.

Dated this 2nd day of June, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE