UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. Bank National Association,<br><br>    Plaintiff<br><br>v.<br><br>North American Title Insurance Company,<br><br>    Defendant | Case No.: 2:19-cv-00424-JAD-EJY<br><br>**Order Denying Motions Without Prejudice in Light of Nevada Supreme Court Decision in** *Deutsche Bank v. Fidelity National Title Insurance Company*<br><br>[ECF Nos. 38, 53, 57, 82] |

   This is one of the many second-generation HOA foreclosure cases in which mortgage holders sue title insurers for failing to defend and indemnify them in the first-generation quiet-title suits that swamped Nevada's courts for many years. The central issue in this case and its cousins is whether the title-insurance policies, which contain standard industry form language, cover such claims. Both sides have moved for summary judgment. Plaintiff U.S. Bank asks this court to find that the California Land Title Association (CLTA) form endorsements 100 and 115.2 obligated North American Title Insurance Company to defend and indemnify U.S. Bank in the 2012 quiet-title litigation in which foreclosure-sale-purchaser Cogburn Street Trust sought a declaration that the deed of trust that secured the mortgage on the home at 7329 Cogburn Avenue in Las Vegas, Nevada, was extinguished by operation of Nevada Revised Statute (NRS) 116.3116.[1] The title insurer countermoves for a summary adjudication that neither of these endorsements provided coverage for that suit.[2]

---

[1] ECF No. 38 (U.S. Bank's motion for partial summary judgment).

[2] ECF No. 53 (NATIC's motion for partial summary judgment).

Yesterday, the Nevada Supreme Court, sitting en banc, unanimously held in *Deutsche Bank National Trust Company v. Fidelity National Title Insurance Company* that the title insurer's construction is the right one: "operation of NRS 116.3116 precludes coverage under the title-insurance policy endorsements CLTA 115.2 and CLTA 100."[3]  Because this ruling significantly impacts the pending motions for summary judgment and moots many of the arguments in support of them, in order to allow the parties a reasonable opportunity to assess how this decision impacts this case and their respective litigation strategies,

IT IS ORDERED that the pending cross-motions for partial summary judgment **[ECF Nos. 38, 53] are DENIED** without prejudice to the filing of new motions for summary judgment no later than November 30, 2023; and the motion to stay **[ECF No. 57] is denied as moot.**

Because the denial of the dispositive motions without addressing their merits moots the issue of whether the magistrate judge properly held that exhibits to that briefing should be filed under seal [ECF No. 77], IT IS FURTHER ORDERED that the objection to the magistrate judge's sealing order **[ECF No. 80] is OVERRULED as moot** and without prejudice to the filing of a new motion to seal any exhibits that truly need to be attached to any forthcoming motion for summary judgment.  Additionally, the title insurer's motion to seal or redact its response to U.S. Bank's objection **[ECF No. 88] is GRANTED** without prejudice to the ability to address the sealing issue on its merits should the documents at issue, which both parties have designated as "confidential," need to be attached to any forthcoming motion for summary

---

[3] *Deutsche Bank National Trust Company v. Fidelity National Title Insurance Company*, 139 Nev. Adv. Op. 45 (Oct. 12, 2023).

judgment.  **The Clerk of Court is directed to maintain any existing seals.**  No further decisions will issue regarding the sealing of documents related to this now moot briefing.

_____
U.S. District Judge Jennifer A. Dorsey
October 12, 2023